Barnard, P. J.
The scheme of the will is simple. Certain legacies are given subject to a life interest in the estate to the widow of the deceased. These legacies are to be paid out of the capital of the estate after the widow’s death, “the remainder of the capital” is given to certain residuary legatees. The executors are directed to hold the whole estate during the widow’s life, and to apply the whole income to her use. There was full power of sale given in respect to all real estate, except the homestead, and as to that piece the widow had the right at her option to occupy for her life. She did occupy the same until she died. It was very heavily mortgaged. The' words of the will in respect to the homestead, in case the widow chose to live in it, are as follows:
“And if my said wife shall so desire she shall be permitted to use and occupy said farm, free of rent, so long as she *565 shall live, and I direct that my said trustees, during the time my said wife shall so use and occupy said firm, to pay out of my estate from time to time, as the same shall accrue or become necessary, all taxes upon said farm, and the expense of keeping the buildings thereon in proper repair, and all other expenses attending the proper upholding and maintaining the same, and also the interest on any and all mortgages which shall be upon said farm at the time of my death.”
The question presented is whether the interest, expenses and taxes paid by the executprs during the life of the widow-on the homestead, are tó be paid out of the income or out of the body of the estate, after all the income is paid to her. The scope and intent of the will seems to cast them upon the life estate. That is the general rule when a life estate is given in land. Moseley v. Marshall, 22 N. Y., 200.
The will, in terms, gives away the whole capital of the estate after the widow’s death. If the farm had been sold the income would have been reduced by the amount of the interest on the mortgage on the land, and it is improable that the testator would, when he gave an entire life estate in all his property, require the interest on it, or any part of it, to be paid by the reversioners. Plain language, or a plain intent, should be collected from the will to indicate such a purpose. At best the whole case for the widow rests on the direction to the executors to pay the disputed item, in case the widow elected the use of the land, instead of the use of its money value “out of my estate from time to time.” If the whole capital was disposed of the estate, intended by the language to be used is that part of it which was not given away The fair meaning seems to be that while the widow had a right to occupy the farm, if she did the expenses, taxes and interest should be paid out of the income of the estate
The decree is, therefore, accordingly modified, with costs to appellant out of the estate.
Dykman and Pratt, JJ , concur.